```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
UNITED STATES OF AMERICA,
                                        MEMORANDUM AND ORDER
         -against-                      11-CR-562-01 (DRH)

CARLETON PULLEY,

    Defendant/Petitioner.
-----------------------------X
A P P E A R A N C E S:

For the Government:
    Robert L. Capers
    United States Attorney
    100 Federal Plaza
    Central Islip, New York 11722
       By: Charles N. Rose, A.U.S.A.

For Petitioner:
    Carleton Pulley, Pro Se
    79503-053
    FCI Danbury
    33½ Pembroke Station, Route 37
    Danbury, CT 06811
```

HURLEY, Senior District Judge

By motion filed on December 30, 2015, Carlton Pulley ("petitioner"), pro se, seeks, pursuant to 18 U.S.C. Section 3582(c)(2), a reduction of his sentence under the so-called "Drugs Minus Two" 2014 Sentencing Commission amendment to the Guidelines. See generally, Mehler, Gleeson & James, Federal Criminal Practice: A Second Circuit Handbook, § 42-10A(e) (15th ed. rev. 2015).

## Background

On October 5, 2012, petitioner pled guilty to a lesser included offense under Count One of the Indictment in the captioned case, which charged him with conspiracy to possess,

with intent to distribute 28 grams or more of cocaine base. His guideline range at the time of sentence was 135 to 168 months, based on a total adjusted offense level offense level of 31 and a criminal history category of III. The period of incarceration imposed was 96 months. The downward variance was not based on a motion by the government reflecting substantial assistance.

Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, lowered the penalties for most drug offenses, including petitioner's, by two levels. By Amendment 788, the Sentencing Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.

## Discussion

As correctly noted by petitioner, the retroactive application of Amendment 782 reduces his total offense level to a 29. That level, considered in conjunction with his criminal history category, reduced his guideline range to 108 to 235 months. Nonetheless, petitioner is ineligible for the relief sought because his 96 month sentence is less than the 108 months low end of the amended or new guideline range. That circumstance is fatal to his application. As explained by the Second Circuit in United States v. Steele:

> Having determined the applicable amended Guideline range, a district court may resentence a defendant within that range, but "the court shall not reduce the defendant's

>           term of imprisonment . . . to a term that is
>           less than the minimum of the amended
>           guideline range" for any reason other than
>           the defendant's substantial assistance to the
>           government. In other words, on resentencing
>           pursuant to 18 U.S.C. § 3582(c), a
>           defendant's reduced sentence generally may
>           not fall below the pre-departure Guidelines
>           range that would have been "applicable" to
>           him had he been sentenced after the relevant
>           amendment to the Guidelines, with an
>           exception only for a departure based on a
>           defendant's substantial assistance.

714 F.3d 751, 755 (2d Cir. 2013)(internal cites and emphasis omitted)(ellipses in original)). See also United States v. Berberena, 694 F.3d 514, 518-19 (3d Cir. 2012)(holding that the policy statement "prohibits a reduction below the low end of a prisoner's new range, even if the prisoner originally received a below-Guidelines sentence. The only exception is for defendants whose below-Guidelines sentences were based on a government motion to reflect the defendant's substantial assistance to authorities.") (internal quotation marks omitted); U.S.S.G. § 1B1.10, at App. Note 3, ¶ 2.

## Conclusion

For the reasons indicated, petitioner's application is denied.

SO ORDERED.

Dated: February 1, 2016
      Central Islip, New York

_____
DENIS R. HURLEY, U.S.D.J.